**Clifton E. BOYKIN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–650.**

United States Court of Veterans Appeals.

June 15, 1992.

Before HOLDAWAY, Associate Judge.

MEMORANDUM DECISION

HOLDAWAY, Associate Judge:

Appellant appeals a December 14, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied an increased rating for appellant's already service-connected right knee disability and denied secondary service connection for disorders of appellant's left knee and elbow. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance in this case. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

On August 14, 1972, appellant was awarded a 10% rating for arthrotomy, right knee. The 10% rating was confirmed in 1978. On February 2, 1989, appellant suffered injury to his left knee and left elbow after what the hospital discharge summary described as:

[The appellant] was playing basketball and injured his left knee when he jumped. He felt a sudden snap and was unable to support himself with the left

knee. He also fell on his left elbow having sudden onset of pain.

The records of hospital treatment were submitted to the Department of Veterans Affairs (VA) Regional Office (RO). On March 3, 1989, appellant requested that his disability rating for his right knee be increased based on those treatment records. On August 11, 1989, the RO denied an increased rating for appellant's service-connected right knee condition stating that the treatment records submitted showed no treatment of the right knee.

On a VA Form 1–9, appellant stated: On February 28, 1989, I injured my left knee while participating with several Vietnam [v]eterans in a brief non-competitive throw and catch exercise, during our break period. When it came my turn, I caught the ball and attempted to throw it. When I attempted to jump and throw the ball my right knee locked and I angled my body to fall on the left side to attempt to avoid further injury to my service connected right knee. This resulted in my left arm and knee being seriously injured.

Although I have since received intensive theraphy [sic], I am experiencing weakness in my left arm which was fractured also and I have an obvious limp, weakness and limited use of my left knee as well as my right knee.

After a personal hearing at which appellant testified on January 12, 1990, a VA hearing officer continued the denial of service connection for the left knee and left elbow disorders.

A VA medical examination was done on April 23, 1990. On May 9, 1990, the RO again denied service connection for the left knee and elbow conditions stating that "[a] review of the hospital report ... show[ed appellant's] hospitalization was necessary after injuring [appellant's left] knee while playing basketball."

▮ On December 14, 1990, the BVA issued a decision denying an increased rating for appellant's right knee disorder and denying secondary service connection for left knee and left elbow disorders. The Board stated:

The Board has evaluated the evidence of record in light of the contentions presented on appeal, and the testimony provided by the veteran at a hearing conducted by the originating agency. His contention that he suffers from chronic disorders of the left knee and left elbow as the result of his service-connected disability of the right knee has not been substantiated by the evidence of record. A review of the hospital summary pertaining to an admission during February and March 1989, discloses no references to chronic disorders of the left knee and left elbow as the result of his service-connected disability of the right knee.... The discharge summary merely states the veteran was playing basketball and injured his left knee when he jumped. He felt a sudden snap and was unable to support himself with the left knee. He therefore fell on his left elbow and felt the onset of pain....

In later dated statements of record, the veteran describes his injuries to the left elbow and knee in a different manner.... The veteran's more recent description of his injuries to the left elbow and left knee are not corroborated by contemporaneous medical documentation.... The Board finds no causal relationship to exist between the service-connected disability of the right knee and development of disorders of the left elbow and left knee which are shown to have been occasioned independently and irrespective of the service-connected post arthrotomy of the right knee.

The veteran was afforded the benefit of an examination by the VA in April 1990. An examination of the right knee disclosed healed scarring, generalized tenderness to palpation primarily on the medial aspect of the knee, significant guarding and slight varus-valgus wobble. The above clinical findings were rather minimal in nature and the veteran otherwise performed a satisfactory heel and toe walk, demonstrated a satisfactory gait pattern and could only squat one-half way down and rise. Radiographic studies confirmed mild degenerative

changes. The above clinical description of the disability of the right knee does not lead the Board to conclude that increased impairment has occurred which would warrant the assignment of a higher rating....

*Clifton E. Boykin,* BVA 90–45095, at 5–6 (Dec. 14, 1990).

 Inexplicably, appellant's attorney argues that it was improper for the BVA to consider the hospital report because it was "hearsay" evidence. He cites the Federal Rules of Evidence and 38 C.F.R. § 1.783(t) (1991). That regulation pertains to the VA Board of *Contract* Appeals. It is not applicable to proceedings before the BVA. BVA proceedings are non-adversarial in nature. *See* 38 C.F.R. § 20.700 (formerly § 19.157) ("Proceedings will not be limited by legal rules of evidence, but reasonable bounds of relevancy and materiality will be maintained.") Because the BVA was reviewing a non-adversarial administrative adjudication that was not governed by the rules of evidence and that consisted, of necessity, largely of hearsay evidence, it would be nonsensical to apply the Federal Rules of Evidence to the BVA. The Board panel in this case did exactly what it was supposed to do. It considered conflicting evidence and, in a clear and rational manner, explained why it chose one version of events rather than another. The Board's decision in this respect is entirely plausible and so must be affirmed. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990).

After consideration of appellant's brief, the Secretary's motion, and a review of the record, it is the holding of the Court that appellant has not demonstrated the BVA committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert,* 1 Vet.App. at 53–57. Summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

The Secretary's motion is GRANTED and the decision of the Board is summarily AFFIRMED.