# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-0932

JOSEPH A. CELANO, APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided January 6, 2009)

*Joseph A. Celano*, *pro se*.

*Paul Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippell*, Deputy Assistant General Counsel; and *Jeffrey J. Schueler*, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, DAVIS, and SCHOELEN, *Judges*.

SCHOELEN, *Judge*: The pro se appellant, Joseph A. Celano, appeals a March 20, 2007, Board of Veterans' Appeals (Board or BVA) decision in which the Board denied his claim for entitlement to a retroactive award of educational assistance benefits pursuant to chapter 1606 of title 10, U.S. Code (the Montgomery GI Bill-Selected Reserve, hereinafter "MGIB-SR" or "Chapter 1606"), for courses he had enrolled in from January 24 to March 24, 1994, and from September 14 to December 22, 1999. Record (R.) at 1-7. This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the following reasons, the Court will affirm the Board's decision.

## I. BACKGROUND

On his application for educational benefits, the appellant indicated that he served on active duty in the U.S. Navy for portions of 1966 and 1967, as well as 1976. R. at 15. In 1994, he enlisted

in the Selected Reserve of the U.S. Navy for a period of six years (R. at 26), but was involuntarily separated from service effective January 1, 1997, because he had reached his high year tenure limiting date (R. at 12-13).

In February 2000, the appellant filed an application for educational benefits as well as a VA Form 22-1999, Enrollment Certification, from The Pennsylvania State University (PSU) indicating that he was enrolled in a non-college degree program from January 24 to March 24, 1994, and from September 14 to December 22, 1999. R. at 15-18. In March 2000, VA denied the appellant's claim for educational benefits because information provided by the Department of Defense (DoD) indicated that the appellant was not eligible for educational benefits. R. at 31. The appellant appealed this decision and, after additional evidence was submitted, VA determined that the appellant was eligible for educational benefits, but that the courses for which he sought reimbursement were not approved for payment of benefits. R. at 66-67. VA apparently relied on telephone conversations with PSU officials and state approving agents in reaching this decision. *See* R. at 71-72. On December 7, 2000, VA certified that the appellant was eligible for 36 months of educational assistance benefits and informed the appellant that he must use the benefits before February 27, 2004. R. at 77.[1]

The appellant appealed the determination that he was not entitled to benefits for the courses he took in 1994 and 1999. The 1994 course was entitled "Introduction to Adult Development & Aging" and the 1999 course was entitled "Understanding & Writing Legal Documents." R. at 93. Upon completion of the 1994 course, the appellant received a certificate indicating that he had completed the "Elder Law Certificate Program With Highest Distinction" (R. at 108), and upon completion of the 1999 course, the appellant received a certificate indicating that he had been awarded the "Legal Issues for Business Professionals Certificate" (R. at 109). During the process of contesting his claim, the appellant requested a hearing before the Board or before an

---

[1] On December 4, 2003, notwithstanding its earlier determination that the appellant was eligible for educational benefits, VA informed the appellant that he was ineligible for benefits because information provided by the DoD indicated that his separation from the Selected Reserve was not due to disability. R. at 137. It is unclear why VA contradicted its earlier determination, but the Court notes that the Board, in the decision on appeal, presumed the appellant was eligible for educational benefits, but determined that the courses he completed did not qualify for payment of benefits. *See* R. at 4-7. Therefore, the Court concludes that VA corrected the inconsistency created by the December 4, 2003, letter to the appellant.

administrative law judge. *See* R. at 92 (July 30, 2001, letter requesting hearing before the Board); R. at 144 (December 1, 2004, letter to VA regional processing office).

In May 2005, the appellant received a Statement of the Case (SOC) (R. at 147-61) explaining that his request for benefits had been denied for several reasons. First, the appellant could not receive benefits for the 1994 course because his claim for benefits was received on February 14, 2000, but the earliest date for which he was eligible for benefits was one year prior to the receipt of his claim. R. at 160. The SOC explained that the appellant could not receive benefits for the second period of enrollment, in 1999, because the "enrollment was an individual course that was not being taken in pursuit of any degree or certification objective, and independent of any program of education." R. at 160. The SOC further explained that the 1999 course was normally part of the "Business Professional Certification" program (R. at 160), but that the appellant apparently took the course as a "stand alone" course, rather than as part of the certificate program, and that the State of Pennsylvania Education Liaison Representative "confirmed that the State Approving Agency has not approved the Business Professional Certification program, and therefore its component courses, for payment of VA benefits." R. at 161.

The appellant perfected his appeal by submitting a Substantive Appeal in July 2005. R. at 164. He attached an explanation of his disagreement with the denial of his claim, arguing that he was wrongfully advised regarding the time limits on filing a claim for benefits, and disagreeing with the finding that the courses he took were not in pursuit of a certification objective. R. at 165. He argued that he had received certificates detailing his successful completion of an Elder Law program and "Legal Issues For Business Professionals," and that the certificates were "awarded for Completion of Courses included as part of the Paralegal Certificate Program . . . . [which] is approved for VA payment under the Pennsylvania Department of Education." R. at 165. The appellant also alluded to an argument he had previously advanced, that one of his classmates in 1999 was an Air Force officer who was receiving VA educational benefits for participating in the class for which the appellant was declared ineligible for benefits. *See* R. at 165; R. at 131 (Appellant's Affidavit filed in December 2002). The appellant contended in essence that it was inappropriate for the Air Force officer to receive benefits for the class while he did not.

After the appeal was certified to the Board, the Board observed that the appellant had never

3

been afforded a hearing, and remanded the claim for the Philadelphia Regional Office (RO) to schedule a hearing before a veterans law judge (VLJ). R. at 174-76. At the January 2006 hearing, the VLJ discussed the appellant's contentions, particularly those regarding whether the courses the appellant took were part of an eligible educational program. *See* R. at 186-89. After the hearing, the appellant's appeal was recertified. R. at 194.

In the decision on appeal, the Board noted that Chapter 1606 prohibits an award of benefits for any period of enrollment that occurred earlier than one year prior to the date of the receipt of the application for such benefits. R. at 5. Regarding the class taken in 1994, the Board found that, not only was the claim untimely because the appellant had not filed a request for reimbursement until February 2000 (R. at 5), but it was not a class taken in the course of an approvable objective or program of education as defined or approved by VA (R. at 2). For the 1999 course, the Board found that the appellant had successfully completed the course, but that the class was not taken in the course of an approved objective or program of education as defined by VA or approved by VA. R. at 2. Regarding the appellant's argument that he relied on incorrect information and therefore failed to apply for benefits in a timely fashion, the Board found that Court precedent precluded the appellant from prevailing in his claim for benefits. R. at 5-6 (citing *Harvey v. Brown*, 6 Vet.App. 416 (1994)).

## II. ARGUMENTS ON APPEAL

The appellant first argues that in 2003 VA wrongfully rescinded his eligibility for benefits. Appellant's Brief (Br.) at 10. He then argues that the Board decision is flawed because it does not cite any cases interpreting Chapter 1606 and because the Board member improperly weighed the evidence regarding whether the courses the appellant took entitled him to benefits. Appellant's Br. at 10. The appellant further argues that it was inappropriate for VA to provide educational benefits to a lieutenant colonel in the U.S. Air Force Selected Reserve who was in one of the classes the appellant took, but to deny benefits to the appellant; he argues that VA violated the due process and equal protection clauses of the U.S. Constitution. Appellant's Br. at 11, 17-18. Finally, the appellant argues that the time limit on filing a claim for Chapter 1606 benefits should have been excused in his case, as he asserts that he was improperly advised regarding the time in which he was required

4

to file a claim for Chapter 1606 benefits. Appellant's Br. at 11. In a variation on this last argument, he also suggests that equitable tolling of the deadline for filing benefits should be available to him, pursuant to *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).

The Secretary responds that the Board's decision should be affirmed because the Board properly accounted for the evidence of record and explained its conclusions. Secretary's Br. at 6-8. He argues that the Board's decision was based on the legal assumption that the appellant qualified for Chapter 1606 benefits, and the appellant's argument regarding the 2003 letter stripping him of eligibility for benefits is therefore without merit. Secretary's Br. at 9. Second, he argues the Board properly considered the evidence of record in light of the statutes and regulations governing qualifying educational programs, and that citation to caselaw interpreting Chapter 1606 was not relevant for the appellant's claim, as the only published case interpreting the statute "is not applicable" to the appellant's claim. Secretary's Br. at 10 (citing *Davenport v. Principi*, 16 Vet.App. 522 (2002)). Third, the Secretary argues that the appellant's arguments regarding the due process and equal protection clauses must fail, as the appellant lacks evidence to support them. Secretary's Br. at 11-12. Finally, the Secretary argues that the appellant is not entitled to any form of "tolling" of the claim initiation provisions governing Chapter 1606 benefits. Secretary's Br. at 12-13.

## III. APPLICABLE LAW
### A. Basic Entitlement

The MGIB-SR, codified at title 10, U.S. Code, sections 16131-16137, provides that the Secretary of each U.S. military department (and the Secretary of Homeland Security, in the case of the U.S. Coast Guard), "shall establish and maintain a program to provide educational assistance to members of the Selected Reserve of the Ready Reserve of the armed forces under the jurisdiction of the Secretary concerned who agree to remain members of the Selected Reserve for a period of not less than six years." 10 U.S.C. § 16131(a). The MGIB-SR educational assistance program is, with some exceptions, to be paid "through the Secretary of Veterans Affairs." 10 U.S.C. § 16131(b)(1). The MGIB-SR states that "[e]ducational assistance may be provided under this chapter for pursuit of any program of education that is an approved program of education for purposes of chapter 30 of title 38." 10 U.S.C. § 16131(c)(1).

5

Title 38, U.S. Code, section 3002(3)(A) explicitly refers to 38 U.S.C. § 3452(b) for a definition of "program of education." Section 3452(b) states in pertinent part:

> The term "program of education" means any curriculum or any combination of unit courses or subjects pursued at an educational institution which is generally accepted as necessary to fulfill requirements for the attainment of a predetermined and identified educational, professional, or vocational objective. Such term also means any curriculum of unit courses or subjects pursued at an educational institution which fulfill requirements for the attainment of more than one predetermined and identified educational, professional, or vocational objective if all the objectives pursued are generally recognized as being reasonably related to a single career field.

This definition encompasses a variety of educational pursuits, but, for purposes of this case, requires that there be a "predetermined and identified educational, professional, or vocational objective." In order to assess whether such an objective exists for a given educational program, Congress again incorporated a requirement from chapter 30, namely the requirement that a program of education be "approved." *See* 38 U.S.C. § 3034(a)(1) (incorporating "the provisions of subchapters I and II of chapter 36 of this title" to apply to benefits under chapter 30). In subchapter I of chapter 36, Congress provided that "[a]n eligible person or veteran shall receive the benefits of this chapter . . . while enrolled in a course of education offered by an educational institution only if (1) such course is approved as provided in this chapter . . . by the State approving agency for the State where such educational institution is located, or by the Secretary." 38 U.S.C. § 3672(a)(1). Prior to approving a course, the state approving agency must find that the following criteria are satisfied:

> (1) The educational institution keeps adequate records, as prescribed by the State approving agency, to show the progress and grades of the eligible person or veteran and to show that satisfactory standards relating to progress and conduct are enforced.
> (2) The educational institution maintains a written record of the previous education and training of the eligible person or veteran that clearly indicates that appropriate credit has been given by the educational institution for previous education and training, with the training period shortened proportionately.
> (3) The educational institution and its approved courses meet the criteria of paragraphs (1), (2), and (3) of section 3676(c) of this title [38 U.S.C. § 3676(c)].[2]

---

[2] Section 3676(c) provides that

[t]he appropriate State approving agency may approve the application of such institution when the institution and its nonaccredited courses are found upon investigation to have met the following criteria:

(1) The courses, curriculum, and instruction are consistent in quality, content, and length with similar

38 U.S.C. § 3675(b).

B.  Statutory and Regulatory Interpretation

According to 10 U.S.C. § 16131(a), the Secretary of the Navy is required to "establish and maintain a program to provide educational assistance to members of the Selected Reserve . . . who agree to remain members of the Selected Reserve for a period of not less than six years."  The statutory language thus clearly enunciates that the MGIB-SR program's first eligibility requirement is that the claimant agree to serve in the Selected Reserve for "not less than six years."  Section 16131(c)(1) states that "[e]ducational assistance may be provided under this chapter for pursuit of any program of education that is an approved program of education for purposes of chapter 30 of title 38."  Section 16131(c)(1) thus incorporates the standards of chapter 30 of title 38, U.S. Code, to define the scope of what educational activities qualify for educational assistance benefits under the MGIB-SR and requires that the program of education be "approved."

This statutory system, though complicated in the way it refers to different provisions, is nonetheless clear that, once a veteran has established eligibility for MGIB-SR benefits through a six-year enlistment, entitlement to benefits for the educational opportunity is governed by whether a State approving agency (or the Secretary, under circumstances not relevant in this case) has approved the course of education the veteran wishes to pursue and the program in which he wishes to pursue it.  The Court discerns no ambiguity in the statutory provisions establishing these requirements.  *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) (holding that if Congress has spoken directly on an issue, the Court and Agency are required to "give effect to the unambiguously expressed intent of Congress"); *Jones v. Brown*, 41 F.3d 634, 638 (Fed. Cir. 1994) ("In determining the plain meaning of statutory language, 'legislative purpose is expressed by the ordinary meaning of the words used.'" (quoting *Ardestani v. I.N.S*, 502 U.S. 129, 134 (1991))).

The Court notes that the MGIB-SR is also governed by regulations at 38 C.F.R. §§ 21.7500-.7807 (2008).  Similar in construction to the statutes described above, those regulations dictate that

courses in public schools and other private schools in the State, with recognized accepted standards.
(2) There is in the institution adequate space, equipment, instructional material, and instructor personnel to provide training of good quality.
(3) Educational and experience qualifications of directors, administrators, and instructors are adequate.

38 U.S.C. § 3676(c)(1-3).

"[a]n individual must be pursuing an approved program of education in order to receive educational assistance," 38 C.F.R. § 21.7610(a) (2008), and that VA generally "will approve, and will authorize payment of educational assistance for the reservist's enrollment in any course or subject which a State approving agency has approved as provided in § 21.7720[3] of this part and which forms a part of a program of education as defined in § 21.7520(b)(17)[4] of this part," 38 C.F.R. § 21.7620(a) (2008). Approval of a program of education also requires that the program have "an educational, professional, or vocational objective," 38 C.F.R. § 21.7610(b)(1) (2008), where "[a]n approvable educational objective is one that leads to the awarding of an associated degree, a bachelor's degree or the equivalent," 38 C.F.R. § 21.7520(b)(7) (2008).

## C. Standard of Review

In order to evaluate the Board's decision on appeal, the Court must determine what standard of review is appropriate. *See* 38 U.S.C. § 7261. This Court reviews questions of law de novo without any deference to the Board's conclusion of law. *Smith v. Gober*, 14 Vet.App. 227, 230 (2000); *see also* 38 U.S.C. § 7261(a)(1); *Hensley v. West*, 212 F.3d 1255 (Fed. Cir. 2000); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc). The Court reviews the Board's findings of material fact under the "clearly erroneous" standard. 38 U.S.C. § 7261(a)(4); *see also Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). A "'[m]aterial fact is one upon which [the] outcome of litigation depends.'" *Gilbert*, 1 Vet.App. at 52 (quoting BLACK'S LAW DICTIONARY 881 (5th ed. 1979)).

"A factual finding 'is "clearly erroneous" when although there is evidence to support it, the

---

[3] According to 38 C.F.R. § 21.7720(a) (2008), "Courses must be approved. (1) A course of education offered by an educational institution must be approved by – (i) The State approving agency for the State in which the educational institution is located; or (ii) The State approving agency which has appropriate approval authority; or (iii) VA, where appropriate."

[4] According to 38 C.F.R. § 21.7520(b)(17) (2008),
A program of education –
(i) Is any unit course or subject or combination of unit courses or subjects pursued by a reservist at an educational institution, required by the Administrator of the Small Business Administration as a condition to obtaining financial assistance under the provisions of 15 U.S.C. 636; or
(ii) Is a combination of subjects or unit courses pursued at an educational institution, which combination is generally accepted as necessary to meet requirements for a predetermined educational, professional, or vocational objective. It may consist of subjects or courses which fulfill requirements for more than one objective if all objectives pursued are generally recognized as being related to a single career field; and
(iii) Includes an approved full-time program of apprenticeship or of other on-job training.

8

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948)). The Court may not substitute its judgment for the factual determinations of the Board on issues of material fact merely because the Court would have decided those issues differently in the first instance. *See id.*

The matters governing entitlement to benefits under the MGIB-SR are factual: Whether the claimant enlisted in the Selected Reserve for a minimum of six years; whether the claimant pursued a program of education; and whether that program of education was approved for payment of MGIB-SR benefits. Answering these questions does not depend on legal interpretation; it depends on what the evidence shows. Thus, in determining whether a claimant is eligible for MGIB-SR benefits, just as in any other case, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. *See Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table); *Gabrielson v. Brown*, 7 Vet.App. 36, 39-40 (1994). The Board's statement of the reasons or bases for its findings must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995).

## IV. ANALYSIS

### A. Rescinded Eligibility

The appellant's first argument is that VA erred by rescinding his certificate of eligibility for educational benefits in December 2003. Appellant's Br. at 6. The appellant cites what he alleges are breaches in military protocol regarding this alteration of his eligibility status. *See* Appellant's Br. at 6 ("VA used an enlisted E-7's, unsigned claimed statement, to supersede written documentation from a Vice Admiral O-9."). As described above, however, the Court concludes that the Board decided the appellant's claim based on the assumption that the appellant was eligible for benefits. *See* note 1, *supra*. Because the Board adjudicated and denied his claim on the merits – that is, because the courses he took and the circumstances under which he took them did not entitle him to benefits – and because his claim had previously been denied on that same basis, the Court concludes

there was no prejudice to the appellant by the Board not addressing the anomalous December 2003 letter. *Cf. Bernard v. Brown*, 4 Vet.App. 384 (1993).

## B.  Evidence and Application of Law

The appellant's second argument is that the Board erred in its acceptance of certain pieces of evidence and its assessment of all evidence of record.  Appellant's Br. at 13-17.  He argues that VA should not have relied on reports of oral – and, he argues, contradictory – communications with Debra Ball, the educational program certifying official for PSU.  Appellant's Br. at 16; *see also* R. at 18 (VA Form 22-1999-3, dated January 17, 2000, electronically signed by Ms. Ball), R. at 72 (VA report of contact dated November 30, 2000, indicating that Ms. Ball stated that the appellant "completed certificate program in Business Professional Certificate"), R. at 99 (VA report of contact dated November 15, 2001, indicating that Ms. Ball had been contacted and had told VA that the appellant "had signed up for individual courses[,] not a complete program").  The Board did not err by using this evidence.  Although the appellant cites the Federal Rules of Evidence to support his argument that the Board should not have considered this evidence (Appellant's Br. at 15), those rules are not binding upon the Board.  *See Boykin v. Derwinski*, 2 Vet.App. 479, 481 (1992).

In the salient portion of its analysis, the Board noted that "to be entitled to educational assistance, [a] course must be approved by VA and for a VA approved program."  R. at 6.  This is a correct statement of the law; as discussed above, these are the statutory requirements governing whether a claimant's educational pursuits qualify for MGIB-SR benefits.  Furthermore, 38 C.F.R. § 21.7620(a) requires that, when a claimant seeks educational benefits for a course taken, both the particular course in question *and* the educational program of which that course is a part, be approved by VA or the appropriate state approving agency.  The Board noted that the appellant provided "certificates he claims are evidence of him being certified for 3 different programs.  While the veteran points to the paralegal program, he has not shown that he took any course in the furtherance of gaining a paralegal certificate."  R. at 6.  This conclusion by the Board is not clearly erroneous.  The certificates the appellant submitted detail his completion of the courses in question (*see*, *e.g.*, R. at 116-20), and suggest that the Elder Law Certificate Program course "can also be used in the Paralegal Certificate Program" (R. at 120).  However, critically, they do not demonstrate that the appellant enrolled in the courses as *part of an approved program of study*, such as the paralegal

program. *See* R. at 88-89 (list of PSU diploma and certificate programs approved by Pennsylvania Department of Education, showing the paralegal certificate program as approved). None of the certificates the appellant submitted show that he was awarded paralegal certification, nor do they show that the courses he took were a continuation of any previously undertaken course of education related to becoming a paralegal.[5]

Instead, as the Board explained, the PSU certifying official stated that "while the [1994 and 1999] courses are normally a part of the curriculum for the Business Professional Certificate, the veteran did not take them as part of the certificate program." R. at 4. Further, the Board found that "according to information furnished to VA by the certifying official from [PSU], the Business Certificate program was not approved for VA payments." R. at 6. While the appellant's brief expresses some incredulity at what he perceives to be the Board's finding that he was engaged in a business certificate program (Appellant's Br. at 15), the certificate he received in January 2000 (and that he submitted to VA in 2001), was issued by "The Smeal College of Business Administration" for "Legal Issues for Business Professionals" (R. at 118), and the Board adequately explained why the information it received from the PSU certifying official precluded the award of benefits for the courses the appellant took.

Although the Court recognizes the potential for confusion in the requirement that educational courses must be part of an approved program and pursued in furtherance of an approved educational objective, the law is nevertheless clear that "a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary." 38 U.S.C. § 5107(a). In this case, the Board determined, based on the evidence of record, that the courses the appellant had taken "were taken individually in a non-degree setting, and not in the course of an approvable objective or in a program of education as defined by the VA." R. at 6. The appellant has not adequately supported his claim because he has not demonstrated that he enrolled in courses at PSU as part of

_____

[5] In his brief, the appellant says he "was a Paralegal student" and that "[h]is three Certifications were earned by completing Paralegal courses." Appellant's Br. at 15 (citing R. at 28). The record page the appellant cites is part of his application for MGIB-SR benefits; it is filled out by the appellant and states that from the summer of 1983 to the summer of 1984, the appellant participated in some educational course at PSU that, according to his application, resulted in his receipt of a certification as a paralegal. R. at 28. The record on appeal contains a transcript of courses the appellant took and shows that he took eight courses at PSU in 1983 and 1984 with a "business law" designation. R. at 93.

his participation in an approved program of education. In light of the evidence of record, the Court is not left with the definite and firm conviction that a mistake has been committed, and the Board decision is therefore not clearly erroneous. *See Hersey*, *supra*.

### C. The 1994 Course

The appellant states that, when he became eligible for MGIB-SR benefits, he was not properly informed of the regulatory requirement that he apply for benefits within one year of initiating the educational course for which he sought compensation. *See* Appellant's Br. at 18-19. Citing Pennsylvania and Federal district court cases, he argues that VA should be estopped from invoking the requirement that an application for educational benefits be filed within one year of the course for which benefits are sought; he claims that VA never informed him of the one-year requirement and therefore should not be allowed to benefit from "concealing the rules" (Appellant's Br. at 18) by denying him entitlement to compensation. He also suggests that equitable tolling should be applied to the one-year requirement. Appellant's Br. at 19.

The Board found that the appellant did not file a claim for educational benefits until February 14, 2000, and that the earliest date "for which VA is authorized to award benefits is February 14, 1999[,] and any request for payment for a course completed prior to February 14, 1999, must be denied." R. at 5. The Board cited 38 C.F.R. § 21.7631 as governing the payment of MGIB-SR benefits; that provision states in pertinent part that

> VA will determine the commencing date of an award or increased award of educational assistance under this section. When more than one paragraph in this section applies, VA will award educational assistance using the latest of the applicable commencing dates.
> (a) Entrance or reentrance including change of program or educational institution. When an eligible reservist enters or reenters into training (including a reentrance following a change of program or educational institution), the commencing date of his or her award of educational assistance will be determined as follows:
> (1) If the award is the first award of educational assistance for the program of education the reservist is pursuing, the commencing date of the award of educational assistance is the latest of:
> (i) The date the educational institution certifies under paragraph (b) or (c) of this section;

(ii) One year before the date of claim as determined by § 21.1029(b)[6];

(iii) The effective date of the approval of the course, or one year before the date VA receives the approval notice whichever is later.

38 C.F.R. § 21.7631(a) (2008). Because there is no evidence that PSU ever "certifie[d]" or that the 1994 course was approved, only one provision of § 21.7631(a)(1) applied. The Board was correct to determine that § 21.7631(a)(1)(ii) governed eligibility for benefits in the appellant's case and that February 14, 2000, is the proper date of the claim. *See* R. at 15-17, 19.

The appellant cites testimony during his Board hearing to support his argument that he inquired whether he could apply for educational benefits in 1994, when he enlisted in the Selected Reserve; he states in his brief that "[t]he Navy career counselor . . . wrongly advised Appellant that he was not eligible for the benefits." Appellant's Br. at 19 (citing R. at 182). In that testimony, he stated that he was advised by the Navy career counselor that "you had to enlist for six years . . . prior to your enrollment in school. So due to misrepresentation . . . I felt that I was not entitled at that time so I did not apply for the benefit within that one year time period." R. at 182. On the basis of the record before it, the Court cannot say that the appellant was, in fact, misled about his potential entitlement to benefits because the essence of the advice given was that a six-year enlistment was required. That advice was accurate.

Nevertheless, as the Board noted, the Court has rejected the argument that a claimant seeking educational benefits who receives incorrect information from a service branch or VA is entitled to benefits based on the error, where the claimant is otherwise legally precluded from being granted entitlement to benefits. *See* R. at 5-6 (citing *Harvey v. Brown*, 6 Vet.App. 416 (1994)). In this case, the appellant was legally precluded from receiving benefits for the 1994 course because the Board found that the appellant's "courses were taken individually in a non-degree setting, and not in the course of an approvable objective or in a program of education as defined by the VA." R. at 6; *see also* R. at 2 (finding that the appellant had successfully completed a course in 1994, "but he did not file a request for reimbursement until February 2000, nor was this class taken in the course of an approvable objective or program of education as defined by the VA or approved by VA"). Because

---

[6] This section provides: "Date of claim. The date of claim is the date on which a valid claim or application for educational assistance is considered to have been filed with VA, for purposes of determining the commencing date of an award of that educational assistance." 38 C.F.R. § 21.1029(b) (2008).

the Board found that the appellant's 1994 course did not meet the statutory requirements discussed above, the appellant would not have been eligible to receive benefits for it, regardless of whether he had applied for those benefits in a timely fashion. Accordingly, the Court concludes that the appellant's argument regarding estoppel is without merit. Similarly, even if the one-year regulatory limitation were "tolled," the appellant would derive no benefit from the tolling, as the course he took in 1994 did not qualify for MGIB-SR benefits.

### D. Constitutional Arguments

The appellant argues that VA denied him equal protection and due process of law under the 14th amendment of the U.S. Constitution. Appellant's Br. at 17-18. The Secretary responds that the 14th amendment applies only to the states, and that the 5th amendment's due process clause does not justify the relief the appellant seeks, as he has no demonstrated property interest in VA educational benefits, nor can he show that VA possessed discriminatory intent in denying him benefits. Secretary's Br. at 10-12.

As the Secretary notes, a recipient of VA benefits has a recognized property right in the continuation or modification of established benefits (Secretary's Br. at 11 (citing *Fugere v. Derwinski*, 1 Vet.App. 103, 108 (1990))), and that VA benefits claimants are entitled to statutory due process protections (Secretary's Br. at 11 (citing *Thurber v. Brown*, 5 Vet.App. 119, 122 (1993)). The appellant's argument, though not grounded in the equal protection clause, implicates some equal protection concepts. *See Reeves v. West*, 11 Vet.App. 255, 258 (1998) (stating that, although "[t]he Fifth Amendment . . . does not [specifically] contain an Equal Protection Clause as does the Fourteenth Amendment which applies only to the states[,] discrimination may be so unjustifiable as to be violative of due process" (quoting *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954))). "[A] party challenging a law on equal protection grounds 'may make out a prima facie case of purposeful discrimination by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose.'" *Reeves*, 11 Vet.App. at 259 (quoting *Batson v. Kentucky*, 476 U.S. 79, 93-94 (1986)).

The appellant's contention is that he was discriminated against because he claims VA paid MGIB-SR benefits to a U.S. Air Force Lieutenant Colonel who participated in the 1999 course, but denied benefits to him, an enlisted member of the U.S. Navy. However, the appellant has failed to

14

"make out a prima facie case of purposeful discrimination" because he has failed to demonstrate that he was entitled to the benefits he seeks. VA denied benefits for the 1999 course because – in the appellant's case – it was not taken as part of an approved program of education or in furtherance of an approved educational objective. Because the appellant failed to satisfy the legal requirements to establish his entitlement to benefits for the courses he took at PSU, VA was justified in denying entitlement to benefits and therefore did not discriminate against the appellant.

Finally, the Secretary suggests that the appellant invited "the Court to invoke some general equitable principle and award the benefits sought." Secretary's Br. at 13. Although the appellant does not appear to have made an argument in precisely those terms, the Court notes that, to the extent the appellant does suggest that equity requires that benefits be awarded, the Secretary's argument that this Court is without equitable authority to award benefits under these circumstances is correct. Secretary's Br. at 13-14 (citing *Schleis v. Principi*, 3 Vet.App. 415, 418 (1992) ("Only the Secretary is permitted by statute to take equitable considerations into account in reviewing claims for administrative error.")).

## IV. CONCLUSION

Although the Court understands the appellant's frustration with the adjudication of his claim for educational benefits, and joins the Secretary's sentiment in saluting his service to the nation (*see* Secretary's Br. at 2), after consideration of the appellant's and the Secretary's pleadings, and a review of the record, the Board's March 20, 2007, decision must be, and is, AFFIRMED.