**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 11-1828

DAVID A. MAYS, APPELLANT,

V.

ERIC K. SHINSEKI
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided June 22, 2012)

*David A. Mays*, Pro se.

*Will A. Gunn*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Leslie C. Rogall*, Deputy Assistant General Counsel; and *Michael G. Imber*, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, *Chief Judge*, and DAVIS, and SCHOELEN, *Judge*s.

SCHOELEN, *Judge*: Appellant David A. Mays pro se appeals an April 5, 2011, Board of Veterans' Appeals (Board) decision in which the Board found there was no entitlement to eligibility for educational benefits under chapters 30 and 32, title 38, U.S. Code, and chapters 1606 and 1607, title 10, U.S. Code. Record of Proceedings (R.) at 141-47. This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a). For the reasons that follow, the Court will affirm the Board's determination that the appellant is not eligible for educational benefits under Chapters 30, 32, 1606, and 1607.

**I. BACKGROUND**

The appellant was a member of the Reserve Officers' Training Corps (ROTC) from September 1971 until May 1973 at the Tuskegee Institute in Tuskegee, Alabama. R. at 57. In 1974, upon completion of his undergraduate degree, the appellant signed an "Application for Initial Delay from Entry on Active Duty With Supplemental Active Duty/ACDUTRA And Reserve Participation Agreement" that sought a delay from entry on active duty until September 1977 so that he could

attend dental school. R. at 15-16. The U.S. Army approved the appellant's delayed entry in June 1974. R. at 53. In January 1975, the appellant signed a "Supplemental Active Duty and Reserve Participation Agreement for Delayed Officers Applying For Additional Educational Delay From Entry On Active Duty To Pursue Course of Study Leading To A Degree in Medicine, Dentistry, or Veterinary Medicine." R. at 18. The U.S. Army approved this application for renewal of his educational delay from active duty in May 1975. R. at 17.

The appellant's DD Form 214, Certificate of Release or Discharge from Active Duty, indicates that he served on active duty in the U.S. Army from July 31, 1978, to July 30, 1980. R. at 102. The DD Form 214 also shows that he had more than four years of inactive service prior to 1978 and no other active service. *Id.* It also indicates that the appellant did not contribute to the Post-Vietnam Era Veterans' Educational Assistance Program. *Id.*

In December 1981, the appellant filed an application for educational benefits. R. at 57; *see also* R. at 13. The regional office (RO) denied the appellant's claim because under chapter 34, title 38, U.S. Code, the appellant had to have entered active duty before January 1, 1978, and the appellant did not enter active duty until July 31, 1978. R. at 56. In January 1982, the appellant wrote a letter to VA asserting that he believed he was entitled to educational benefits because he contracted with the U.S. Army for his delayed entry into active duty in 1974. R. at 54-55. He also explained that the agreement required that he had to report any status changes to the "Commanding Officer of the Reserve Component" and that he could have been "called to duty at any time during [his] dental training." *Id.*

In February 1982, VA responded to the appellant's letter and explained that "[a]lthough you may have met the requirements for an active duty commitment, you did not meet the requirement of entrance on active duty prior to January 2, 1978. Therefore, your claim for educational assistance under Chapter 34 had to be disallowed." R. at 52.

Before a hearing at the RO in June 1982, the appellant argued that he was entitled to Chapter 34 benefits because his June 1974 orders used the phrase "as if being ordered to active duty at this time." R. at 34. He also explained that when he inprocessed at Fort Bragg, North Carolina, no one explained his entitlement to education benefits had changed because of his delayed entry and that if someone had explained it to him, he would have "gladly contributed" to his education benefits so

2

that he would have been entitled to educational benefits under Chapter 32. R. at 34-35. VA subsequently notified the appellant that the evidence, including his testimony at the hearing, did not warrant a change to the denial of educational benefits under Chapter 34. R. at 33.

In August 1982, VA issued a Statement of the Case (SOC) that continued denial of the appellant's claim for entitlement to educational benefits because he had not entered active duty until July 1978. R. at 11-14. The SOC concluded:

> The evidence shows that the veteran was granted a delay from entry on active duty [on] June 30, 1974, to allow him to pursue his study of [d]entistry. He did not enter active military service until July 30, 1978. Since the veteran did not enter active military service prior to January 1, 1978, he does not have qualifying service for educational benefits under Title 38, United States Code, Chapter 34, and his claim remains denied.

R. at 14.

Later in August 1982, the appellant filed an appeal to the Board, arguing that he was entitled to Chapter 34 benefits because his delayed entry contract was "initiated prior to the January 1978 deadline." R. at 10. He also noted that according to Army Regulation 601-110, he was "designated as a gain to the Armed Forces at the time [he] received his commission." *Id*.

The Board issued a decision in April 1983 stating that eligibility for educational assistance under Chapter 34 is predicated "on the finding that the person seeking such benefits began serving on active duty prior to January 1, 1978. Therefore, since a condition specifically set forth in the law has not been satisfied, this Board has no other legal recourse but to deny the appellant's claim." R. at 6. It continued that "[w]hile he could have been called to active duty at any time during his delay status, he was not called to active duty until July 1978." *Id*. Therefore, the Board concluded that "[s]ince the veteran did not begin active duty until July 1978, he is not eligible for educational assistance under Chapter 34, Title 38, United States Code." R. at 7. That decision became final.

The appellant filed another application for VA educational benefits in January 2009. R. at 211-12. Later that month, the RO denied the appellant's claim finding that he was not eligible for educational benefits pursuant to the Montgomery G.I. Bill (38 U.S.C. chapter 30), the Veterans' Educational Assistance Program (38 U.S.C. chapter 32), Montgomery G.I. Bill-Selected Reserve (10 U.S.C. chapter 1606), or the Reserve Educational Assistance Program (10 U.S.C. chapter 1607). R. at 208-09. In February 2009, the appellant filed a Notice of Disagreement with the denial of his

claim and stated that because he was commissioned as a second lieutenant in 1973, he should be "grandfathered" in for an earlier active duty date. R. at 204-05. In March 2009, the RO issued an SOC that continued the denial of the appellant's claim for educational benefits. R. at 195-202.

In April 2009, the appellant submitted his Substantive Appeal to the Board arguing that he should be entitled to educational benefits under the Vietnam-era G.I. Bill, chapter 34, because upon graduation he was assigned to be commissioned as a second lieutenant "if the doctor[]al program was not completed" and that but for an annual "reserve status update" he was required to complete, he would have been sent to active duty. R. at 187. VA then issued the "Certification of Appeal," which listed the issue as "[d]enial of education benefits under Chapter 30, 32, 1606, 1607." R. at 171.

In October 2010, the appellant submitted a written argument and "proposed order" explaining that because he had "contracted" with the Army prior to 1978 he should be entitled to educational benefits and should be "grandfathered" into the Vietnam-era G.I. Bill, and "[i]n order to be 'made whole'" he should be given the "equivalent of three years['] reimbursement." R. at 164-65.

On October 26, 2010, the appellant testified before a Board hearing. R. at 151-62. The appellant affirmed that the issue before the Board was "entitlement to education benefits under Chapters 30, 32, 1606 and 1607." R. at 152. He explained that when he entered active duty after dental school he was told that he had to contribute $100 a month to be eligible for benefits. R. at 153. However, he asserted, he did not believe that the contribution requirement applied to him because when he signed his "original contract" he was not required to contribute. R. at 154.

On April 5, 2011, the Board issued the decision on appeal, which denied the appellant's claim for entitlement to educational benefits under chapters 30 and 32, title 38, U.S. Code, and chapters 1606 and 1607, title 10, U.S. Code. R. at 141-49. The Board found that "the Veteran can only establish entitlement to benefits available at the time that he served." R. at 146. The Board found that the appellant began active duty service in July 1978 and that he did not contribute to an educational assistance program. R. at 146-47. The Board then detailed the requirements of the different types of educational assistance programs and concluded that the appellant was not eligible for educational benefits under any of the programs because "the applicable law and regulations as written preclude a grant of benefits, even on an equitable basis." R. at 147.

## II. ANALYSIS

### A. Educational Benefits Under Chapter 34

Throughout the appellant's brief and reply brief, he argues that the decision of the Board in April 1983 was clearly erroneous in its denial of educational benefits under Chapter 34. *See* R. at 4-7. The appellant asserts that his active duty date should relate back to one of two different dates. First, he argues that his active duty date should date back to the date that he signed a contract to join ROTC. Appellant's Brief (Br.) at 3, Reply Br. at 1-5. Alternatively, he argues that he entered active duty when he completed ROTC and signed the delayed entrance agreement. Appellant's Br. at 5.

During his testimony before the Board in October 2010, the appellant affirmed that the issue was "entitlement to education benefits under Chapters 30, 32, 1606 and 1607." R. at 152. However, throughout his testimony he argued that he should have been granted benefits under Chapter 34 when he first applied for them in 1983. *See* R. at 151-62. During the hearing, the hearing officer even stated that "the case will turn on whether or not you had entitlement to the earlier program and I have to look into that to see what the statute require[d] at that time." R. at 158. In his reply brief, the appellant summarized his argument as "[t]he question before this Court is: [w]as the denial of benefits clearly erroneous given the evaluation of all the evidence." Reply Br. at 2.

It is well established that the Board is required to adjudicate all issues reasonably raised by a liberal reading of the record, including "all documents and oral testimony in the record prior to the Board's decision." *Brannon v. West*, 12 Vet.App. 32, 34 (1998); *see also Robinson v. Peake*, 21 Vet.App. 545, 552-56 (2008), *aff'd sub nom. Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009). If such a review "reasonably reveals that the claimant is seeking a particular benefit, the Board is required to adjudicate the issue of the claimant's entitlement to such a benefit or, if appropriate, to remand the issue to the [RO] for development and adjudication of the issue; however, the Board may not simply ignore an issue so raised." *Brannon*, 12 Vet.App. at 34. However, the "Court requires that an appellant plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments." *Coker v. Nicholson*, 19 Vet.App. 439, 442 (2006). In *Fugo v. Brown*, 6 Vet.App. 40 (1993), the Court held that for a claimant "to reasonably raise CUE [clear and unmistakable error] there must be some degree of specificity as to what the alleged error is and, unless it is the kind of error . . . that, if true, would be

5

CUE on its face, persuasive reasons must be given as to why the result would have been *manifestly different but for the alleged error." Id.* at 44.

The appellant has previously asserted that he is entitled to Chapter 34 benefits. However, it is not until he submitted his brief and his reply to this Court that he specified his various theories why he was entitled to Chapter 34 benefits, and subsequently why he believed that there was CUE in the 1983 Board decision. *See* Appellant's Br. at 3 (active duty date should be date that service member signs contract to enter ROTC); Appellant's Br. at 5 (active duty date should be graduation date); R. at 155, 161 (VA representatives were biased in making their decision); R. at 165 (he should be "grandfathered" in). Because the April 1983 Board decision became final, the appellant may challenge the decision only through a motion to revise that decision on the basis of CUE. *See Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc) (an appellant generally can attempt to overcome the finality of a prior final decision of the RO or Board in one of two ways: (1) by a request for a revision of an RO or Board decision based on CUE, or (2) by a claim to reopen based upon new and material evidence). The Court has no jurisdiction to consider a particular claim of CUE in the first instance. *See* 38 U.S.C. § 7252(a); *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002) (holding that "each 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it"); *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (en banc) (noting that the "necessary jurisdictional 'hook' for this Court to act is a decision of the [Board] on the specific issue of 'clear and unmistakable error'"). Accordingly, to the extent that the appellant believes that there is CUE in the 1983 Board decision, the appropriate procedure is to file a motion for revision of the decision at the Board. 38 C.F.R. § 20.1404 (2011).

B. April 2011 Board Decision

*1. Active Duty Date*

The appellant asserts that his active duty date should relate back to the date that he signed a contract to join ROTC (1972) or the date he completed ROTC and signed the delayed entrance agreement (1974). Appellant's Br. at 3, 5; Reply Br. at 1-5. To the extent that Mr. Mays makes these assertions in support of his contention that he is entitled to educational benefits under Chapter 34, the Board denied such entitlement in its April 1983 decision. That decision is not before the Court

and, as noted above, may be challenged only through a motion to revise that decision on the basis of CUE. *Cook*, *supra*.

Even assuming that the appellant's active duty began in 1972 or 1974, based on the following analysis, the Board's determination that the appellant was not entitled to educational benefits under Chapters 30, 32, 1606, and 1607 is not clearly erroneous. *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) ("'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"); *see also* R. at 142.

### 2. Educational Benefits Under Chapter 30

Chapter 30 educational benefits are available to a veteran who "first becomes a member of the Armed Forces or first enters on active duty as a member of the Armed Forces" after June 30, 1985. 38 U.S.C. § 3011(a)(1)(A); 38 C.F.R. § 21.7130 (2011). Chapter 30 benefits are also available to some veterans who previously were entitled to Chapter 34 benefits. The Chapter 34 educational benefits program, known as the Vietnam-era G.I. Bill, was ended for all eligible veterans effective December 31, 1989. 38 U.S.C. § 3462(e). Veterans who had Chapter 34 eligibility remaining on December 31, 1989, could attempt to establish eligibility for educational assistance by showing that they served on active duty at any time between October 19, 1984, and July 1, 1985, and continued on active duty without a break in service for three years after June 30, 1985, or were discharged after June 30, 1985, for a service-connected disability, preexisting medical condition not recognized as a disability, hardship, or convenience of the Government. 38 U.S.C. § 3011(a)(1)(B). Additionally, a veteran who was eligible for Chapter 34 educational benefits as of December 31, 1989, but was not on active duty on October 19, 1984, could maintain eligibility by reenlisting or reentering a period of active duty after October 19, 1984, and on or after July 1, 1985, either having served at least three years of continuous active duty, or having been discharged after June 30, 1985, for a service-connected disability, preexisting medical condition not recognized as a disability, hardship, or convenience of the Government. 38 U.S.C. § 3011(a)(1)(C).

The appellant's Substantive Appeal to the Board states that he is appealing his "[e]ntitlement to education benefits under Chapter 30, Title 38, United States Code." R. at 175. He also asserts in his brief that he met the "basic obligated contracted eligibility criteria for the receipt of educational

assistance benefits pursuant to Chapter[] 30, Title 38, United States Code." Appellant's Br. at 12.

The Board found that the appellant completed his active duty service in July 1980, which meant that he was not eligible for Chapter 30, Montgomery G.I. Bill benefits under 38 U.S.C. § 3011(a)(1)(A). The Court agrees.

"'Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and structure.'" *Myore v. Nicholson*, 489 F.3d 1207, 1211 (Fed. Cir. 2007) (quoting *McEntee v. M.S.P.B.*, 404 F.3d 1320, 1328 (Fed. Cir. 2005)); *see Sharp v. Shinseki*, 23 Vet.App. 267, 271 (2009); *see also McGee v. Peake*, 511 F.3d 1352, 1356 (Fed. Cir. 2008); *Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) ("Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute." (citing *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 403-05 (1998))), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115, 115 (1994). "When a court reviews an agency's construction of the statute which it administers. . . . [f]irst, always, is the question whether Congress has directly spoken to the precise question at issue." *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). If Congress had directly spoken to the issue, then the Court and the agency must both "give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43.

In section 3011 of chapter 30, title 38, U.S. Code, Congress specifically stated that benefits are available to a person who "first becomes a member of the Armed Forces or first enters on active duty as a member of the Armed Forces" after June 30, 1985." Therefore, it is clear from the plain language of the statute that to be eligible for benefits under chapter 30, the appellant would have have entered the Armed Forces after June 30, 1985. Consequently, the Court must "give effect" to the intent of Congress and follow the language of the statute. *Chevron U.S.A., Inc., supra.*

Here, the appellant separated from active duty on July 30, 1980. R. at 191. Therefore, the appellant did not have active duty service during any applicable time for Chapter 30 benefits, under 38 U.S.C. §§ 3011(a)(1)(A), (B), (C). R. at 191. Consequently, the Board's finding is not clearly erroneous. *Celano v. Peake*, 22 Vet.App. 341, 347-48 (2009) (noting that findings related to educational benefits are factual); *Gilbert*, 1 Vet.App. at 52.

The appellant also argued that the Board did not provide an adequate statement of reasons and bases as to why he was not entitled to education benefits. Appellant's Br. at 7. The Board

explained the legal criteria for a veteran to be eligible for educational benefits under Chapter 30. R. at 144. Then, the Board explained that because the appellant's active duty service concluded before the applicable time period he was not eligible for Chapter 30 educational benefits. R. at 146. The Court therefore discerns no error in the Board's statement of reasons or bases for this finding.

### 3. Educational Benefits Under Chapter 32

To be eligible for educational benefits under Chapter 32, the Post-Vietnam Era Veterans' Educational Assistance Program, a person entering military service between January 1, 1977, and June 30, 1985, had to enroll in the program for at least 12 consecutive months and agree to a monthly deduction from their military pay. 38 U.S.C. §§ 3221(a), 3222(a); 38 C.F.R. §§ 21.5040(a), 20.5052(a) (2011).

The appellant argues that he was "erroneously denied educational assistance due to the misapplication of a . . . contribution directive enacted after his anteceding contractual commitment in September 1972." Appellant's Br. at 3. The Board found that the appellant was not eligible for education benefits under Chapter 32 because, although he "served between December 31, 1976, and July 1, 1985, he did not contribute to an educational assistance program from his military pay during his period of service." R. at 146. The Court holds that the Board's finding is not clearly erroneous.

In sections 3221 and 3222, chapter 32, title 38, U.S. Code, Congress specifically stated that to be eligible for benefits, a veteran had to enroll in the program for at least 12 consecutive months *and* agree to monthly deductions from his or her military pay. Therefore, it is clear from the plain language of the statute that to be eligible for benefits under Chapter 32, the appellant would have to have contributed to the educational assistance program. Consequently, the Court must "give effect" to the intent of Congress. *Chevron U.S.A., Inc., supra.*

Here, regardless of the nature of the appellant's service between January 1977 and June 1985, he admits that he did not enroll in the program or make monthly contributions from his military pay. During his hearing before the Board, the appellant testified that when he came onto active duty he was told that he had to make a monthly contribution if he wanted to receive educational benefits; however, he did not contribute because he believed that he was entitled to Chapter 34, Vietnam-era educational benefits, which did not require a contribution to participate. R. at 153-54.

The appellant points to no authority that would entitle him to educational benefits under

9

Chapter 32 without his having contributed to the program. Therefore, because he does not dispute that he did not make monthly contributions, the Board's finding that he is not eligible for the Post-Vietnam Era Veterans' Educational Assistance Program is not clearly erroneous. *See Celano*, 22 Vet.App. at 347-48; *Gilbert*, 1 Vet.App. at 52.

As to the appellant's argument that the Board did not provide an adequate statement of reasons and bases why he was not entitled to education benefits, the Court finds the appellant's argument unavailing. *See* Appellant's Br. at 7. The Board explained the criteria for a veteran to be eligible for educational benefits under Chapter 32. R. at 145. The Board then explained that because the appellant had not contributed to an educational assistance program from his military pay during his period of service he was not entitled to Chapter 32 educational benefits. R. at 146. The Court finds no error in the Board's statement of reasons or bases for its determination.

*4. Educational Benefits Under Chapter 1606 and Chapter 1607*

To be eligible for educational benefits under chapter 1606, title 10, U.S. Code, a veteran after June 30, 1985, had to enlist, reenlist, or extend an enlistment in the Selected Reserves for six years or more or serve as a Reserve Officer in the Selected Reserve for not less than six years in addition to any other obligation. 10 U.S.C. § 16132; 38 C.F.R. § 21.7540 (2011). Eligibility under chapter 1607, title 10, U.S. Code, extends to those who were members of a Reserve component after September 11, 2001, who served on active duty in support of a contingency operation for 90 consecutive days or more, or who performed full-time National Guard duty for more than 90 days for the purpose of responding to a national emergency declared by the President. 10 U.S.C. § 16163; 38 C.F.R. § 31.9520 (2011).

The Board also found that the appellant was not entitled to educational benefits under Chapter 1606, the Montgomery G.I. Bill – Selected Reserve, or Chapter 1607, the Reserve Educational Assistance Program. R. at 147.

At section 1632, chapters 1606, title 10, U.S. Code, Congress expressly stated that to be eligible for benefits, a veteran had to be a member of the Selected Reserve after 1985. 10 U.S.C. § 16132; 38 C.F.R. § 21.7540. To be eligible for Chapter 1607 benefits, Congress expressly stated that the veteran had to be a member of a Reserve component or the National Guard. Therefore, it is clear from the plain language of the statute that the appellant would have had to have been a

member of the Reserve or National Guard sometime after 1985 for him to be eligible for benefits under Chapters 1606 or 1607.  Consequently, since Congress had spoken on the issue directly, the Court must defer to its intent.  *Chevron U.S.A., Inc., supra.*

Here, the appellant's active duty military service ended in July 1980 and there is no evidence in the record that the appellant was a member of the Selected Reserve or the National Guard after his active duty service.  Therefore, the Board's finding that the appellant was not entitled to educational benefits under Chapters 1606 and 1607 is not clearly erroneous.  *See Celano*, 22 Vet.App. at 347-48; *Gilbert*, 1 Vet.App. at 52.  The Board's finding that the appellant was not entitled to Chapter 1606 or 1607 educational benefits was supported by an adequate statement of reasons and bases.  The Board detailed the legal criteria for eligibility for benefits under each program, and then explained that because there is no evidence that the appellant served in the Reserve or National Guard after his active duty time he is not eligible for the benefits.  Therefore, the Court ascertains no inadequacies in the Board's statement of reasons or bases to support its finding.

### 5. Other Arguments

The appellant also argues that his due process rights were violated because a May 31, 2011, response to a second motion for reconsideration did not state that the Board member responding "reviewed and considered all of the evidence."  Appellant's Br. at 6.  Finally, the appellant argues that the Board erred by not applying the "benefit of the doubt" doctrine.  *Id.* at 8.

The Secretary responds that the May 31, 2011, letter was not a Board decision, but instead a letter from the Board that denied the appellant's motion for reconsideration of the April 2011 Board decision, and as such, there was no requirement to review and reconsider all of the evidence.  Secretary's Br. at 13.  With respect to the appellant's due process rights generally, the Secretary argues that the Board found that the appellant's due process rights had been satisfied because he had been "accorded ample opportunity to present evidence and argument in support of his appeal."  *Id.* at 14; *see also* R. at 144.  Finally, the Secretary responds that the benefit of the doubt doctrine was not applicable in this case because the "law is dispositive in this case."  Secretary's Br. at 14.

The appellant's arguments that he was not afforded due process are without merit.  The record shows that the appellant was given the opportunity to present evidence and arguments in support of

his appeal, and therefore no general due process right was violated. *See Thurber v. Brown*, 5 Vet.App. 119, 122-123 (1993) (citing *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)). As to the argument that the appellant's due process rights were violated by the Board's May 31, 2011, denial of his motion for reconsideration, the Court is not persuaded. If the Chairman denies the appellant's motion for reconsideration, the appellant may not ordinarily appeal that denial because that is an action that the Court generally cannot review. *See Murillo v. Brown*, 10 Vet.App. 108, 110-11 (1997). Instead, the appellant's proper course of action is to appeal the Board decision to this Court, as the appellant has done here. Therefore, the appellant's due process rights were not violated by any purported failure of the Board Chairman to review and reconsider all of the evidence because he was denying the appellant's motion for reconsideration.

As to the appellant's argument that the Board erred by not providing him with the benefit of the doubt, the Court is not persuaded. Pursuant to 38 C.F.R. § 3.102 (2011), any reasonable doubt must be resolved in favor of the appellant "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter." *See also* 38 U.S.C. § 5107(b). However, because the Board determined that the law precluded a grant of benefits, this rule does not apply. *See Sabonis v. Brown*, 6 Vet.App. 426, 429-30 (1994) (holding that where law and not evidence is dispositive, the claim should be denied or the appeal terminated because of lack of legal merit or lack of entitlement under the law).

### III.  CONCLUSION

After consideration of the appellant's and the Secretary's pleadings, and a review of the record, the Court AFFIRMS the Board's April 5, 2011, decision that denied educational benefits under Chapters 30, 32, 1606, and 1607.

Copies to:

David A. Mays

VA General Counsel (027)

12