NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7085

JOSEPH A. CELANO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Joseph A. Celano, of Hatboro, Pennsylvania, pro se.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7085

JOSEPH A. CELANO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0932, Judge Mary J. Schoelen.

_____

DECIDED: October 8, 2009

_____

Before RADER, PLAGER, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Joseph A. Celano was a Master Chief Petty Officer, U.S. Navy, now retired. He appeals pro se from the decision of the Court of Appeals for Veterans Claims (Veterans Court), <u>Celano v. Peake</u>, 22 Vet. App. 341 (2009), affirming the Board of Veterans' Appeals (Board) decision denying his claim for educational assistance benefits under title 10, chapter 1606, U.S. Code (referred to herein as the Montgomery GI Bill). Because the Veterans Court correctly interpreted the Montgomery GI Bill and related regulations, and because Mr. Celano's constitutional rights were not violated, we <u>affirm</u>.

Mr. Celano retired after serving more than thirty years in the Navy. He then reenlisted in the Selected Reserve for a period of six years, qualifying him for

educational assistance under 10 U.S.C. § 16131.  Mr. Celano attended two classes at Pennsylvania State University (Penn State) for which he now seeks benefits:  (1) "Adult Development and Aging," which he attended from January 20 to March 24, 1994 (the 1994 class), and (2) "Understanding and Writing Legal Documents," which he attended from September 14 to December 22, 1999 (the 1999 class).  The Department of Veterans' Affairs (VA) denied Mr. Celano's application for benefits because it determined that he took the classes individually in a non-degree setting, rather than in furtherance of an approved objective or program of education.  In addition, VA concluded that the request for benefits for the 1994 class was untimely, as it was filed more than one year after Mr. Celano completed the class.  See 38 C.F.R. § 21.7631(a)(1)(ii).  Mr. Celano appealed, and the Board affirmed VA's decision denying educational assistance.  Mr. Celano then appealed to the Veterans Court, which affirmed the decision of the Board.

Mr. Celano argues that the Veterans Court erred when it interpreted provisions in the Montgomery GI Bill and related regulations to provide for educational benefits only for classes taken in connection with an approved objective or program of education. We review statutory interpretation by the Veterans Court de novo.  Andrews v. Principi, 351 F.3d 1134, 1136 (Fed. Cir. 2003); see also 38 U.S.C. § 7292(a).  We agree with the Veterans Court that both the bill and related regulations require that a class be taken in furtherance of an approved objective or program of education to qualify for benefits. The Montgomery GI Bill explains that "[e]ducational assistance may be provided under this chapter for pursuit of any program of education that is an approved program of education for purposes of chapter 30 of title 38."  10 U.S.C. § 16131(c)(1) (emphasis

added).  Chapter 30 of title 38 refers to 38 U.S.C. § 3452(b) for the definition of "program of education."  38 U.S.C. § 3002(3)(A).  Section 3452(b) states in relevant part:

> The term "program of education" means any curriculum or any combination of unit courses or subjects pursued at an educational institution which is generally accepted as necessary to fulfill requirements for the attainment of a predetermined and identified educational, professional, or vocational objective.  Such term also means any curriculum of unit courses or subjects pursued at an educational institution which fulfill requirements for the attainment of more than one predetermined and identified educational, professional, or vocational objective if all the objectives pursued are generally recognized as being reasonably related to a single career field.

Similarly, the regulations relating to the Montgomery GI Bill state that "VA will approve, and will authorize payment of educational assistance for the reservist's enrollment in any course or subject which a State approving agency has approved as provided in § 21.7720 of this part, and which forms a part of a program of education as defined in § 21.7520(b)(17)."  38 C.F.R. § 21.7620 (emphasis added).  Section 21.7720 requires that either VA or a state approve the course of education.[1]  Section 21.7520 defines a program of education as "a combination of subjects or unit courses pursued at an

---

[1]  The regulation states:

A course of education offered by an educational institution must be approved by—

(i) The State approving agency for the State in which the educational institution is located; or

(ii) The State approving agency which has appropriate approval authority; or

(iii) VA, where appropriate.

38 C.F.R. § 21.7720(a)(1).

educational institution, which combination is generally accepted as necessary to meet requirements for a predetermined educational, professional, or vocational objective."[2] Therefore, to qualify for benefits, a class must be taken as part of a program of education and pursued in furtherance of a predetermined and approved educational objective. The Veterans Court found that Mr. Celano did not take the 1994 or the 1999 class as part of a program of education. We do not have jurisdiction to review this factual finding. 38 U.S.C. § 7292(d)(2).

Mr. Celano also argues that his equal protection rights were violated under the Fifth or Fourteenth Amendment of the Constitution or 38 C.F.R. § 18.1. He asserts that a fellow reservist (a military officer) received educational benefits for the 1999 class, whereas he (an enlisted man) did not. Mr. requested discovery to prove that he was treated differently from the other reservist. However, even if true, this would not constitute a violation of Mr. Celano's equal protection rights as he has not alleged that

---

[2]     A program of education:

   (i) Is any unit course or subject or combination of unit courses or subjects pursued by a reservist at an educational institution, required by the Administrator of the Small Business Administration as a condition to obtaining financial assistance under the provisions of 15 U.S.C. 636; or

   (ii) Is a combination of subjects or unit courses pursued at an educational institution, which combination is generally accepted as necessary to meet requirements for a predetermined educational, professional, or vocational objective. It may consist of subjects or courses which fulfill requirements for more than one objective if all objectives pursued are generally recognized as being related to a single career field; and

   (iii) Includes an approved full-time program of apprenticeship or of other on-job training.

the VA discriminated against him because of his membership in a protected class. Thus we need not address Mr. Celano's request for discovery on this issue.

Finally, Mr. Celano also asserts that the VA violated his due process rights under the Fifth or Fourteenth Amendment of the United States Constitution. He argues that educational benefits are property rights and that he "has a right to be heard on this issue." Even assuming that Mr. Celano has a property right in these particular benefits, the Board afforded him the very process that he claims was due—a hearing.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Veterans Court denying Mr. Celano educational assistance under the Montgomery GI Bill.

## COSTS

No costs.

---

38 C.F.R. § 21.7520(b)(17).